UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 9, 2014

LETTER TO COUNSEL:

      RE:    *Daniel L. Mack v. Commissioner, Social Security Administration*;
                Civil No. SAG-13-2598

Dear Counsel:

On September 6, 2013, the Plaintiff, Daniel Lee Mack, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 14, 20. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Mr. Mack filed his claim for Supplemental Security Income ("SSI") on December 3, 2009, alleging a disability onset date of March 1, 2005. (Tr. 185–88). His claim was denied initially and on reconsideration. (Tr. 110–13, 115–17). A hearing was held on January 12, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 38–99). Following the hearing, the ALJ determined that Mr. Mack was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19–31). The Appeals Council denied Mr. Mack's request for review, (Tr. 3–9), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Mack suffered from the severe impairments of degenerative disc disease of the cervical spine, minimal osteoarthritis of hips and knees, and residuals from scarring on the right hand. (Tr. 24). Despite these impairments, the ALJ determined that Mr. Mack retained the residual function capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) with the option to sit and stand except the claimant is limited to occasionally pushing and pulling with right dominant hand and upper extremity. Further, the claimant is limited to occasional fingering, bending, squatting, stooping, kneeling, and climbing ramps and stairs. Finally, the claimant must not climb ladders, ropes, and scaffolds.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Mack could perform jobs existing in significant numbers in the national economy, and that therefore he was not disabled. (Tr. 29).

Mr. Mack raises several arguments on appeal. First, he argues that the ALJ made an erroneous RFC assessment. Second, he takes issue with the ALJ's assignment of weight to the opinion of a consultative examiner. Third, he argues that the ALJ should have deemed several of his alleged mental and physical impairments to be severe. Fourth, he argues that the Appeals Council did not give sufficient consideration to new and material evidence. Fifth, he argues that the ALJ improperly assessed his credibility and subjective complaints. Finally, he contends that the ALJ did not set out all of his limitations in the hypotheticals to the VE. Each argument lacks merit and is addressed sequentially.

Mr. Mack first disagrees with the ALJ's RFC assessment. He argues that, given the limitations that the ALJ determined, he is restricted to sedentary, unskilled work as of his 50th birthday, thus rendering him disabled pursuant to the Medical Vocational Guidelines. Pl.'s Mot. 5. Mr. Mack points to no evidence to support a finding that he is restricted to sedentary, unskilled work. Moreover, the ALJ relied on substantial evidence in determining that Mr. Mack was limited to light work with a sit/stand option. The ALJ noted that the objective medical evidence did not support the disabling symptoms that Mr. Mack alleged. (Tr. 28). Specifically, the ALJ noted that MRI and CT scans demonstrated only mild degenerative disc disease, and on examination, Mr. Mack had full motor strength, full range of motion of the wrists, elbows, shoulders, and spine, and normal gait and ambulation. (Tr. 28); *see* (Tr. 262, 293–97, 398, 424, 427, 453, 455, 456, 622, 624). Mr. Mack also contends that the sit/stand option in the RFC assessment is inconsistent with light work, because light work requires the claimant to stand and walk during most of the day. *Id.* at 4. However, the VE testified as to the effect of a sit/stand option on the occupational base of light work. *See* (Tr. 94–99); *Walls v. Barnhart*, 296 F.3d 287, 290–92 (4th Cir. 2002). The VE concluded that the jobs of bakery worker conveyor line and laminating machine tender would be available, but that the numbers of those available jobs would be reduced by 50 percent. (Tr. 94–95). The VE further testified that the job of cleaner-housekeeper would also be compatible with a sit/stand option. *Id.* at 95.

Mr. Mack next argues that that ALJ did not assign proper weight to the opinion of Dr. Roth, a psychologist who performed a consultative examination of Mr. Mack on March 2, 2010. Pl.'s Mot. 6. The ALJ assigned the opinion "little weight" because Dr. Roth examined Mr. Mack only once, her opinion was largely based on Mr. Mack's subjective complaints, and Dr. Roth noted that Mr. Mack appeared possibly under the influence at the time of her examination. *See* (Tr. 29). The ALJ also concluded that Dr. Roth's opinion was inconsistent with other medical evidence. Dr. Roth found that Mr. Mack's motor activity "was retarded" and that he tested poor in several areas, including recent memory, remote memory, practical reasoning, social judgment, insight, and hazard recognition. (Tr. 304, 305). Dr. Roth concluded that Mr. Mack was "moderately restricted" in his ability to understand, and that he was unable to understand, remember and follow simple instructions without difficulty. (Tr. 306). Dr. Roth also noted that Mr. Mack would be unpredictable in his interactions with others and would be moderately restricted in his ability to meet normal production standards. (Tr. 307). However, substantial evidence exists to the contrary. As the ALJ noted, a Psychiatric Review Technique performed on April 18, 2010, nearly a month after Dr. Roth's examination, concluded that Mr. Mack suffered from substance abuse addiction disorder, and had only mild restrictions in the functional

areas, with no episodes of decompensation of an extended duration. *See* (Tr. 29) (citing Tr. 338–51). A previous medical consultation examination in February 17, 2010 noted that Mr. Mack was "capable of handling funds" and that he "relate[d] well and [had] a normal range of interests." (Tr. 294). While Dr. Roth assessed a low GAF score of 35, it is well established that GAF scores are not determinative of disability. *See, e.g.*, *Davis v. Astrue*, JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010). Accordingly, I find no error with the ALJ's assignment of weight to Dr. Roth's opinion.

Mr. Mack next argues that the ALJ should have found that he suffered from additional severe mental and physical impairments. Pl.'s Mot. 8. Mr. Mack alleges that the following impairments are severe: seizures/syncopal episodes, chest pain/shortness of breath/palpitations, and leg swelling. *Id.* at 9. Mr. Mack need only make a threshold showing at Step Two that an "impairment or combination of impairments…significantly limits [his] physical or mental abilities to do basic work activities" for the ALJ to move onto the subsequent steps in the five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(c). The claimant bears the burden of proving that his impairment is severe. *See Johnson v. Astrue*, PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Because Mr. Mack made the threshold showing that other disorders, including his degenerative disc disease of the cervical spine, constituted a severe impairment, the ALJ continued with the sequential evaluation and considered all of Mr. Mack's impairments, both severe and non-severe. *See* 20 C.F.R. § 404.1523. The ALJ considered Mr. Mack's joint pain of the left shoulder and hypertension, and concluded that they caused no more than a minimal impact on his ability to perform work-related activities. (Tr. 25). The ALJ also considered Mr. Mack's substance abuse disorder, but reasoned that only one medical provider reported slurred speech, and that little medical evidence exists demonstrating significant complications as a result of alcohol consumption. *Id.*

Furthermore, despite Mr. Mack's argument to the contrary, the ALJ also properly applied the special technique in her evaluation of Mr. Mack's alleged somatoform disorder (Listing 12.07). The special technique is set forth in 20 C.F.R. § 416.920a; *Robbers v. Comm'r of the Soc. Sec. Admin.,* 582 F.3d 647, 652–54 (6th Cir. 2009); *Kohler v. Astrue,* 546 F.3d 260, 265–66 (2d Cir. 2008) (citing *Schmidt v. Astrue,* 496 F.3d 833, 844 n. 4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 416.920a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 416.920a(b)(2), 416.920a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 416.920(e)(4). Here, the ALJ considered the four functional areas and concluded that Mr. Mack had no more than mild restrictions and no episodes of decompensation. (Tr. 26). The ALJ relied on substantial evidence in her analysis. *See id.* (citing 210–18, 240–44). Therefore, I find no error with the ALJ's application of the special technique or Step Two findings.

*Daniel L. Mack v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2598
September 9, 2014
Page 4

Mr. Mack's fourth argument is that the Appeals Council did not consider new and material evidence that he submitted. Pl.'s Mot. 13–14. The Appeals Council denied review, stating that the additional Walnut Street Community Health Center records pertained to a period after the ALJ's opinion, and thus, they did not affect the disability decision. *See* (Tr. 4). While the Appeals Council's position was correct, the Appeals Council cited incorrect dates for the records.[1] The Commissioner supplemented the official transcript on April 24, 2014 to reflect the correct dates of the records. ECF No. 18. Even if the Appeals Council misstated the dates of some of the additional records, then, that error is harmless because the Appeals Council fulfilled its regulatory obligations.

The Appeals Council must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.,* 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Wilkins,* 953 F.2d at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* "[T]he regulatory scheme does not require the [Appeals Council] to do anything more than what it did in this case, i.e., consider new and material evidence...in deciding whether to grant review." *Meyer v. Astrue,* 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The Appeals Council is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* The record demonstrates the Appeals Council's receipt and consideration of the additional evidence. Moreover, I do not find that the evidence establishes that Mr. Mack's physical impairments are disabling. The additional records mainly consist of treatment notes and radiology reports. *See* (Tr. 639–88). The treatment provided in the records appears routine and conservative, and the findings of the imaging performed were unremarkable. *See* (Tr. 640–42) (noting that chest pain is "decidedly noncardiac" and recommending pulmonary function test for shortness of breath complaints); (Tr. 645–50) (treatment note suspecting small patent foramen ovale, and some pulmonary abnormalities, but otherwise noting normal physical examination); (Tr. 652–75) (treatment notes documenting complaints of leg and knee pains, a diagnosis of general osteoarthritis and treatment consisting of medication management); (Tr. 676) (imaging noting the presence of an enchondromata or infarctions of the left knee); (Tr. 677) (imaging noting minimal changes of degenerative osteoarthritis of both hips); (Tr. 678) (imaging noting minimal and early changes of degenerative osteoarthritis of knees).

Mr. Mack next argues, without explanation, that the ALJ did not properly assess his credibility or subjective complaints. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must

---

[1] The Appeals Council letter stated that the Walnut Street Community Health Center's records ranged in date from January 6, 2012 to June 7, 2012. *See* (Tr. 4). However, the records are dated June 22, 2012, February 5, 2013, and February 22, 2013—all dates after the ALJ's June 13, 2012 decision. *See* (Tr. 689–97).

*Daniel L. Mack v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2598
September 9, 2014
Page 5

evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. The ALJ followed that process in this case. The ALJ concluded that Mr. Mack's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 27). However, his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible. *Id.* The ALJ pointed to objective medical evidence, discussed above, that reflected only mild degenerative disc disease of the cervical spine, *see* (Tr. 455), mild degenerative osteoarthritis of the hips and knees, *see* (Tr. 621–22), and normal gait, motor strength, and manual functioning, *see* (Tr. 293–97). In addition, the ALJ cited to Mr. Mack's inconsistent statements to medical providers. *Compare* (Tr. 303) (consultative examination report noting that Mr. Mack stated that he has 16 children) *with* (Tr. 564) (treatment note indicating that Mr. Mack stated that he has three children). Taken together, I find that the ALJ relied on substantial evidence in making the credibility assessment, and remand on this argument is not warranted.

Finally, Mr. Mack argues that the ALJ did not set out all of his impairments in the hypotheticals to the VE. Pl.'s Mot. 17. Mr. Mack contends that "each and every symptom must be included in a question to the VE…" *Id.* However, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel,* No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen,* 861 F.2d 536, 540–41 (9th Cir. 1988). In this case, the hypothetical presented to the VE was supported by substantial evidence and adequately included limitations for impairments that the ALJ deemed credible, and even included limitations for which there was little to no supporting evidence. The ALJ expressly included postural limitations, related to bending, squatting, kneeling, and stooping, "based on his [Mr. Mack's] allegations of problems with doing so." (Tr. 92). The ALJ also accommodated Mr. Mack's hypertension by limiting him to no climbing of ladders, ropes, or scaffolds, and only occasional climbing of ramps and stairs. *Id.* The ALJ further limited Mr. Mack to occasional pushing, pulling, and fingering with the right dominant hand and upper extremity, due to scarring. *Id.* at (Tr. 91–92). I find no error with the ALJ's hypothetical to the VE, and decline to remand on this issue.

For the reasons set forth herein, Mr. Mack's motion for summary judgment (ECF No. 14) will be DENIED and Defendant's motion for summary judgment (ECF No. 20) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                         Sincerely yours,

                                                         /s/

                                                       Stephanie A. Gallagher
                                                       United States Magistrate Judge